UNITED STATES OF AMERICA
IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff / Respondent

v.

JAMES N. NAPIER, JR.,

    Defendant / Petitioner
_____/

United States District Court
Case No. 1:96-CR-53-2
CASE NO. 1:00CV818
Judge Robert Holmes Bell

**Robert Holmes Bell
U.S. District Judge**

## MOTION IN THE NATURE OF HABEAS CORPUS UNDER 18 U.S.C. § 2255 TO REVERSE, VACATE, OR SET ASIDE SENTENCE, CORRECT AND MODIFY PRE-SENTENCE REPORT, AND IF NECESSARY TO RE-SENTENCE PETITIONER

(With Attached Affidavit and Memorandum of Law in Support)

Petitioner, James Norbert Napier, reserving all of his substantive and fundamental rights without prejudice petitions this Court for an Order in the Nature of Habeas Corpus under U.S. Code Title 28, § 2255 to; (1) reverse, vacate, or set aside the conviction of January 16, 1997, and the judgment and sentence imposed by the district court on May 19, 1997 in the above captioned matter, and; (2) amend the erroneous assertions contained in Petitioner's Pre-Sentence Report, correcting Petitioner's sentence of incarceration, supervised release, and fine, and; (3) if necessary grant a new sentencing to modify the terms imposed by the herein Federal District Court located in Grand Rapids,

Michigan within the Western District, Southern Division, to more correctly reflect the Law and facts described and asseverated to herein, all based upon the following:

1. On March 27, 1996 the government filed a four count indictment with this Court, and on October 31, 1996 after dropping the first indictment, the government brought a similar four count "SUPERCEDING INDICTMENT" charging your Petitioner with counts two thru four therein, which alleged violations of fraud against the government under Title 18 §§ 2 & 287. See attached Exhibit "A," Superceding Indictment. After a jury trial, Petitioner was found guilty on count two, and not guilty on counts three and four and was sentenced to 42 months imprisonment, three years supervised release, $200 court costs and a $7,500.00 fine. See attached Exhibit "B," JUDGMENT IN A CRIMINAL CASE.

2. Petitioner without the assistance of the court appointed attorney, who told this Petitioner at the sentencing hearing, that there was nothing to appeal and that he was leaving shortly for a European vacation. Your Petitioner then attempted to appeal his conviction to the Sixth Circuit, where that appeal was mistakenly treated as an appeal to a denied trial court motion. The Sixth Circuit's refusal to hear Petitioner's appeal was itself appealed to the Supreme Court, who refused to consider the matter on November 29, 1999, case # 996604, Order List: 528 U.S. ____, (Monday, November 29, 1999) leaving your Petitioner with one year from that date to file his Petition in the Nature of a Habeas Corpus under U.S.C. Title 28, § 2255 with this Court.

3. Petitioner claims and affirms (see attached affidavit) that the government abridged his personal, fundamentally secured Constitutional rights, and that said violations seriously prejudiced Petitioner's right to judicial due process and a fair trial under applicable law including and within the context of, but not limited to the provisions of Article III, the Fourth, Fifth, and the Sixth Amendments. Petitioner was further prejudiced by the ineffective counsel provided by the court appointed attorney, Robert Swartz, who failed to safeguard Petitioner's Constitutionally secured fundamental rights, explore and implement all of Petitioner's defenses, and challenge the governments unsubstantiated claims. Swartz refused to challenge the jurisdiction of a federal district court to try, hear, and sentence a private individual under mere statutes rather than bring their action at law in a state court, or challenge the indictment for its failure to state facts alleging insufficiency of the check submitted to the IRS; or challenge the administrative arrest warrant, that lacked the signature of a judicial officer and was brought under mere statutes. Further, Swartz failed to interview any of the government's witnesses, or research the charging statutes, case cites, and the applicable U.S.S.G., as they applied to your Petitioner regarding sentencing.

4. The following is a somewhat chronological compilation of the verified violations of Constitutional Law claimed by Petitioner, which may not be in the order of most severity and/or importance because of the sheer number of violations reported herein, which are addressed at greater length and detail in Petitioner's attached "Memorandum of Law" in support, which is incorporated herein by reference:

3

I. Petitioner's court appointed counsel refused and/or failed to object to and challenge the government's use of a pseudonym, the all capitals name, to label your Petitioner and create a fictional, commercial straw man in designating Petitioner as one subject to statutory process. Petitioner's court appointed counsel, Swartz, failed to challenge the government's right to try your Petitioner in an administrative court under mere statutes, where the court functions as a mere clerk for the charging agency (in this case the IRS) without any proof or evidence that Petitioner was in fact one subject to such process; such as your Petitioner acting as an officer, agent, or employee of the federal or state governments, or one acting by permission of the state, and therefore subject to the statutory due process of the Fourteenth Amendment. Petitioner's court appointed counsel refused to challenge the trial courts lack of subject matter jurisdiction, or to proceed by administrative review. Nor, would Swartz demand that the government, to proceed as a commercial corporation bringing its' actions into statutorily created courts under private law statutes, authenticate said corporate existence with a charter, and incorporation papers alleging said fiction. Petitioner was prejudiced by not having the indictment quashed, or the action dismissed, as all of counsel's failures violated Petitioner's natural rights protected by Article III, the Fourth, Fifth, and Sixth Amendments; including Petitioner's right to a fair trial, due process and effective assistance of counsel under the Constitution and laws thereunder.

II. Petitioner's Court appointed counsel also failed to interview a single government witness prior to trial, or to subpoena a single bank document regarding the sufficiency of funds in account no. 8520799406 at the Norwest Bank in Anaconda-Butte, Montana. Petitioner's counsel failed to raise the issue of the checks validity prior to or at trial, and to demand that the government furnish both first person testimony and documentation showing that the originating account at Norwest Bank was without sufficient funds at any time to cover the check in question. If Petitioner's court appointed counsel had interviewed any of the government's witnesses prior to trial, or examined the evidence accumulated by the government to determine what would be testified to at trial, counsel would have learned that the government would not be supplying first person testimony to, or a certified copy of the daily account ledger from the Anaconda-Butte Bank, where the funds originated underlying the check in question. The government clearly acted in this matter on the mere assertion that the check was "bogus" and proceeded in bad faith concerning the validity of that check. The government at trial failed to prove according to the rules of evidence whether or not the account where the funds for the check originated were not at any time sufficient to cover the check in question. And, Petitioner's court appointed counsel refused to subpoena those same bank records when requested by your Petitioner. The government made sure that the impression the jury was left with was that there were never enough funds at the Norwest Bank, which could have been transferred to the Treasury to cover the

Schweitzer checks. Yet, the government admitted that there was an account at the Norwest Bank, an account that never had its' balances over time disclosed to the jury. There can be only one reason the government failed to secure the first person testimony of a bank officer concerning the sufficiency of the funds held in that Norwest Bank account; that being the possibly exculpatory nature of such evidence. This testimony alone could have saved the government the effort of procuring most of their other witnesses. Nevertheless, without that testimony their simply was no evidence upon which a reasonable individual could make a determination as to the backing from which the check in question was drawn. The government instead opted for the third party hearsay testimony of a retired government agent, Richard Canady, who allegedly made a phone call to an employee of the Anaconda-Butte bank. An employee, who allegedly said the account was empty. This third party testimony, which was clearly outside the rules of evidence, was given without objection from Petitioner's court appointed counsel, or any question from the court concerning the hearsay rule, or how an account could have nothing in it. As the facts stand, the "check" was never processed, that is deposited for payment by the IRS, and the government failed to prove any insufficiency of funds, all the while admitting that the originating account did in fact exist, but avoiding any direct testimony as to the balances held there on any particular day. Adding insult to injury, the government deliberately focused the jury's attention on the lack of any magnetic numbers on the

6

instrument, which was totally irrelevant and without any legal or lawful consequence whatsoever in determining the sufficiency of that instrument. Therefore, the government never proved in any manner that a fraud had in fact taken place, which was the second element necessary under § 287 to determine guilt. Your Petitioner verbally requested on at least two occasions prior to trial that court appointed counsel subpoena bank records, which Swartz refused to do, and should have done without being asked. Swartz's lack of action prejudiced your Petitioner, violating Petitioner's fourth, Fifth and Sixth Amendment right to a fair trial and effective assistance of counsel.

III. The trial court erred, and Petitioner's court appointed counsel proved ineffective failing to object to the violation of Petitioner's right to due process under the Fifth Amendment, when on November 12, 1996 a mere magistrate judge, Joseph G. Scoville, who could not preside over Petitioner's felony trial, nor sentence Petitioner if found guilty, demanded that Petitioner enter a plea over Petitioner's objection and refusal to do so. See attached Exhibit "C," <u>Arraignment Transcript</u>, page 10, lines 21-24 and page 11, lines 9-10. The magistrate then entered a plea of "not guilty" on behalf of your Petitioner without Petitioner's express permission or any lawful authority to do so, and without any reference to the consequent need for Petitioner to be arraigned before the district court <u>trial</u> judge. As a magistrate, has no authority to preside over any criminal trial, even a misdemeanor trial, let alone a felony trial, without the consent of the parties. Nor,

7

did the magistrate have the authority to sentence Petitioner should a conviction be obtained, and therefore had no authority to force the giving of a plea by your Petitioner, or the entering of a plea over Petitioner's objection, without the magistrate setting a date for Petitioner to be properly arraigned before the district court trial judge. Criminal Court Rule 5(c) demands that the accused be arraigned before the trial court judge, not withstanding any local court rule to the contrary (Appendix A, Rule 1(h)(2)), as such rules cannot supercede the Fifth Amendment and merely refer to a magistrates ability to act by the consent of the parties in misdemeanor cases - not felony cases. And, there simply is no case law allowing for the trial and punishment of individuals who refuse, and do not consent, to plead to a felony charge before a magistrate. Therefore, the subsequent trial and sentencing of Petitioner was and is void, ab initio, for all purposes and the trial court had no lawful authority to sentence and/or incarcerate your Petitioner without having taken Petitioner's plea; all of which violated Petitioner's right to due process and effective assistance of counsel under the Fourth, Fifth and Sixth Amendments. See attached memorandum of law incorporated herein by reference for a detailed argument and law on this point.

IV. The trial court erred, and Petitioner's court appointed counsel failed to object, when the trial court judge proceeded to try and convict Petitioner acting under statute as a "*mere clerk*" for the charging agency (the IRS), without Petitioner having the benefits and protections of an Article III judge acting in his full

8

capacity under the Constitution (see attached memorandum of law). The whole proceedings was compromised with a judge, who by his very nature in that preceding, was partial to the prosecution, and acted as a clerk for the IRS in this instance. This was done knowing full well that your Petitioner was not a government employee, or acting under license or permission of government, all of which violated and prejudiced Petitioner's right to due process under Article III, the Fifth, and the Sixth Amendments, and subjected Petitioner to a lower standard of guilt, among other things, than that afforded defendants tried at Law, that being one of reasonable doubt compared to a shadow of a doubt under the Law. Therefore, Petitioner's rights were violated and Petitioner's trial was no more than an ostensible rehearing under the statutes. Petitioner had little chance of being found not guilty within the context of such a biased administrative hearing, and was prejudiced thereby. Petitioner's Fifth and Sixth Amendment rights were abridged, when court appointed counsel failed to object to these errors, and refused to argue similar points of law, failing to provide effective assistance of counsel.

V.  The trial court erred, and Petitioner's court appointed counsel failed to demand the inclusion of a "**Gaudin**" type instruction to the jury regarding their duty to decide questions of materiality and strength of the evidence concerning the status of the check in question and the perceived or intended actions of the recipient(s) of that instrument and any subsequent claims. The probable need for this instruction

when prosecuting under 18 U.S.C. § 287 is expressly stated in **U.S. v. Gaudin**, 515 U.S. \_\_\_\_ , (see attached memorandum) as such cases have evidentiary questions which should only be answered by the trier of fact. In Petitioner's case questions concerning the validity of the check, and the probable response of those receiving it, among others, were not directly put before the jury by the lack of such an instruction. Therefore, said lack violated Petitioner's Fifth and Sixth Amendment right to due process, effective assistance of counsel, and denied Petitioner a fair trial, which necessarily prejudiced Petitioner.

VI. The trial court erred, and Petitioner's court appointed standby counsel remained mute, failing to object to, or demand a mistrial after the trial court released the eleventh of twelve jurors, a juror who was not inclined to deliberate and/or possibly convict your Petitioner, which was not a valid or reasonable argument for release of a juror under F.R.Cr.P. Rule 23(b) and applicable case law. The release of a juror is allowed, but only in very limited circumstance, such as a juror who fell asleep and failed to hear all of the evidence, or a juror who had a prior commitment to attend some function, which attendance was agreed to by the parties antecedent to the trial. Whereas, in Petitioner's trial the court released a juror simply because he did not want to deliberate, the court failed to order the juror to deliberate and instead immediately released the un co-operative juror and proceeded with less than the requisite twelve jurors. This was all done without Petitioner or Petitioner's counsel present in the courtroom. See Exhibit "D,"

Excerpt of Jury Trial, (Transcript) January 16, 1997, page 5, lines 21-4 and page 7, lines 11-2. This juror could have held out to acquit Petitioner, or hung the jury. Petitioner's court appointed counsel remained complacent about this decision of the trial court. Swartz failed to object to, or notice the court of a reversible error. All of which, prejudiced Petitioner's right to a fair trial, denied Petitioner due process, and effective assistance of counsel; and abridged Petitioner's Fifth and Sixth Amendment rights.

VII. The trial court erred, and Petitioner's court appointed standby counsel failed to object to the trial courts prejudicial supplemental jury instructions. The trial court, in responding to a written question from the jury, which expressed their desire after just a few hours of deliberation to find your Petitioner "not guilty" and Petitioner's co-defendant, Rodger Yates, "guilty," gave an instruction that directed the jury to convict your Petitioner. The trial court's supplemental instructions focused the jury's attention away from the original balanced Sixth Circuit Pattern Jury Instructions, which included a *"Separate Consideration"* instruction, as well as, the *"Aid and Abet"* instruction, and directed the jury's attention on the latter, leading them to believe that they had to convict your Petitioner. This was a clear violation of the rules and over 150 years of case law, which allows for split decisions when defendants are tried together. The trial court in its' colloquy from the bench stated that it could answer the jury's question both *"yes and no,"* which was at least partially incorrect, the proper answer to the question being a simple

"*yes,*" as any other answer would and in this case did prejudice your Petitioner. The trial court then went on to direct the jury's attention to the "*Aid and Abet*" instruction, mentioning the instruction no less than three times, while completely avoiding any reference to, or restatement of the "*Separate Consideration*" instruction. See attached Exhibit "E," Sixth Circuit Pattern Jury Instructions No. 2.01A,B, "Separate Consideration" and No. 4.01 "Aid and Abet." It is also possible that the numbered designation for the separate consideration instruction, which ended with the letters "A" and "B" was confusing and led the trial court inadvertently back to the "Aid and abet" instruction, neglecting to re-establish the original balanced Sixth Circuit Instructions. Therefore, the trial court did in fact prejudice your Petitioner by directing and limiting the jury to only consider the "*Aid and Abet*" portion of the instructions, which in effect directed a verdict of guilty from the jury. Said actions of the court and the lack of any objection or expression of a desire to preserve same for appeal purposes by Petitioner's counsel violated Petitioner's right to a fair trial, and effective assistance of counsel under the Fifth and Sixth Amendments. Said actions prejudiced Petitioner, as the jury up to that moment was clearly pre-disposed to acquit your Petitioner.

VIII. The trial court erred in not, sua sponte, throwing out the jury verdict of guilty on count two, and not guilty on counts three and four. Petitioner's court appointed counsel failed to object or notice the court of an appealable error. Since, count two was elementally indistinguishable from counts three and four upon which the

jury returned "not guilty" verdicts, creating a decision repugnant to both the law and the facts. This was caused by the jury's dilemma in attempting to balance both the court's incomplete instructions, and their expressed desire to not convict your Petitioner. The trial court, the day before the jury's findings, stated on the record that such a verdict would be contrary to common sense. See Petitioner's attached Memorandum and the trial courts own colloquy referring to the impossibility of a compromise or split verdict. Therefore, the trial court by not throwing out the verdict denied Petitioner a fair trial and due process; and Petitioner's court appointed counsel failed to object to the verdict, or notice the court of an appealable error, affording Petitioner ineffective representation, and violating Petitioner's Fifth and Sixth Amendment rights.

IX. The trial court erred, and Petitioner's court appointed counsel, Robert Swartz, failed to research the statutory sentencing limits and object to your Petitioner being sentenced to prison time in excess of that authorized under the charging statute. As, verdicts under 18 U.S.C. § 287 according to applicable case law are not in themselves sufficient to determine loss for sentencing purposes, and require a civil action under Title 28 U.S.C. § 2514 (see Petitioners Memorandum and applicable case cites) to set the amount of loss, which can then be used under the Guidelines to determine bonus points and subsequently the length of sentence. Since the amount of actual loss was zero in Petitioner's case, the sentence could be no more than that exacted counting the 6 base points under the Guidelines for fraud, plus

any added points for other than loss. Be that as it may, your Petitioner was sentenced to a term of incarceration of 42 months predicated on 6 base points, plus a "loss" of at least $500,000.00 requiring 10 additional bonus points, and 2 additional points each for "more than minimal planning" and "obstruction of justice," which totaled 20 points. But, applicable case law says that convictions under § 287 require a civil action under § 2514 to pre-determine "actual loss" as opposed to any alleged probable or intended loss (see Petitioner's attached Memorandum). Without the 10 bonus points for loss, Petitioner was at most liable for only the 6 base points (not including any possible additional points) under the Guidelines, which under category II was a maximum of 7 months incarceration rather than the 37 to 46 months required at the 20 point level under the U.S.S.G. The addition of 4 points for "more than minimal planning" and "obstruction of justice" would equal 10 points and fall between 8 and 14 months, well short of the 42 month sentence imposed. Petitioner's Sixth Amendment right to effective assistance of counsel was abridged by appointed counsel's failure to research the charging statute to determine the maximum penalty possible absent any actual loss in this case, which is the minimum requirement under the Bar Associations guidelines for attorneys. Petitioner should have been sentenced to no more than that permitted under the Guidelines for 10 points, or between 8 to 14 months. Petitioner on the other hand was sentenced to a term of imprisonment under 20 points, which was far longer than that allowed or contemplated by the legislature.

Petitioner's court appointed counsel violated Petitioner's Sixth Amendment right to effective assistance of counsel having never researched the charging statute, which prejudiced Petitioner with a sentence of between 37 and 46 months. Swartz letter to John Street of the Probation department shows that Swartz had no idea that "potential loss" was not to be used in determining bonus points for sentencing purposes. See attached Exhibit "F," <u>Swartz letter to the probation Office</u> in care of John Street. Petitioner's Fifth and Sixth Amendment rights were violated thereby, and Petitioner was sentenced to a term of 42 months without effective assistance of counsel to research the law regarding the charging statute(s).

X.  The trial court erred, and Petitioner's counsel failed to object to the 2 point enhancement for *"more than minimal planning,"* but counsel did make a limited objection to the *"obstruction of justice"* enhancement, both of which are clearly not applicable given the legislative intent expressed in the U.S.S.G. and applicable case law. Section 1B1.1(f) of the U.S.S.G., disposes of the "more than minimal planning" enhancement, since the government failed to enter any testimony or evidence that Petitioner acted as a manager or supervisor, or that any of his alleged acts were not, *"of a purely opportune nature with no more planning than inherent in the alleged crime itself."* To incur an enhancement for "more than minimal planning" Petitioner would have had to have acted in a *"supervisory"* capacity regarding the alleged check scheme, the facts of which were never established at trial. What the government did do was show that Petitioner had spoken at a

15

meeting relating his findings about judges acting as *"mere clerks"* when statutes are involved, but failed to show that your Petitioner was involved in any way with the administration and/or distribution of the documents created by the Montana Freemen. Swartz failed to properly research the Guidelines, or he would have noticed the court of these discrepancies in his letter to the court dated: April 15, 1997. Second, the *"obstruction of justice"* enhancement was absurd considering the facts, as Petitioner's quoting the Supreme Court of the United States regarding the status of judges in matters where statutes are involved was purely an attempt by your Petitioner to secure his unalienable right to due process as expressed and established in the Fifth Amendment. This behavior cannot be converted into a wrongful act, as is clearly stated in the first application note under Sect. 3C1.1, the obstruction section. The *"Application Note"* insists that such statements by the defendant *"should be evaluated in a light most favorable to the defendant."* This was not considered by the sentencing court, and Petitioner's court appointed attorney failed to even refer to the fact that Petitioner had a Sixth Amendment right to understand the process used against him, and failed to even quote the application notes mentioned above, showing that Petitioner's court appointed counsel was either not aware of the notes or had merely glanced over the Guidelines. Hence, the addition of 2 points each for "more than minimal planning" and "obstruction of justice" was uncalled for and clearly not authorized under the Guidelines. As such, Petitioner was not sentenced in conformance with

16

the intent of the legislature as expressed in the U.S.S.G., and Petitioner's court appointed counsel failed to even mention those specific parts of the Guidelines in his letter to the court regarding these additional points, proving that he spent little or no time in researching them. Counsel's failure to properly research the guidelines concerning these additional enhancements denied your Petitioner due process and effective assistance of counsel under the Fifth and Sixth Amendments. Further, the sentencing court failed to formally accept and adopt the pre-sentence report or any of its' findings on the record, making the whole sentencing hearing void for all purposes. See attached Exhibit "G," <u>Sentencing Transcript</u>.

5. Accordingly, your Petitioner was denied judicial due process and effective assistance of counsel, seriously prejudicing your Petitioner's right to challenge the trial court's personam and subject matter jurisdiction, compromising Petitioner's right to a lawful arraignment, a fair trial, and substantially prejudicing and reducing Petitioner's chances of having the jury acquit in the first instance, not to mention being unfairly sentenced.

6. Further, Petitioner was accused in the Pre-sentence Report of being in alignment with rapists and deviates, which was derived by chronologically misconstruing a few facts taken completely out of context. Petitioner, being questioned by a government paid psychologist around 1991 about who he admired, jokingly answered "Mike Tyson and Pee Wee Herman," after being told that he could not name his father, or Thomas Jefferson, because one is a parent and the other not a living person. Both named

17

entertainers were reported on heavily in the news media at the time, and both were more than a year later allegedly involved in criminal activity, which Petitioner could not have foreseen at the time. Yet, Petitioner was painted in the Pre-Sentence Report as sympathetic to their alleged criminal actions, which incorrectly colored the court's perception of this Petitioner, and thereby prejudiced your Petitioner before the sentencing court.

WHEREFORE, Petitioner, James Norbert Napier, respectfully requests that this Court issue an Order to: (1) Reverse or Vacate the judgment and sentence imposed by this Court on May 19, 1997; and (2) Correct the inaccuracies and erroneous assertions in Petitioner's Pre-Sentence Report; and/or (3) re-sentence Petitioner based on the facts declared under oath herein and in the attached Memorandum of Law, and Order such other relief as justice demands and this Court deems necessary and proper.

Dated: October 23, 2000                    Respectfully Submitted,

*James Norbert Napier*
James Norbert Napier
634 Hazelbank Road
Holland, Mich. 49424
Phone: (616) 392-8610

## VERIFICATION BY ASSEVERATION

I, James Norbert Napier, do hereby certify and state by asseveration under the Laws of Michigan state and the United States of America under penalty of perjury that the facts, dates, and statements contained and related in Petitioner's foregoing, "**MOTION IN THE NATURE OF HABEAS CORPUS UNDER 18 U.S.C. § 2255 TO REVERSE, VACATE, OR SET ASIDE SENTENCE, CORRECT AND MODIFY PRE-SENTENCE REPORT, AND IF NECESSARY TO RE-SENTENCE PETITIONER**" are true, correct, and complete to the best of my knowledge, understanding, and belief and not meant to deceive this _23_ day of _October_, 2000.

_____
James Norbert Napier

## CERTIFICATE OF SERVICE

I, _James Norbert Napier_, hereby certify that a true, correct, and complete copy of the foregoing "**MOTION IN THE NATURE OF HABEAS CORPUS UNDER 18 U.S.C. § 2255 TO REVERSE, VACATE, OR SET ASIDE SENTENCE, CORRECT AND MODIFY PRE-SENTENCE REPORT, AND IF NECESSARY TO RE-SENTENCE PETITIONER**" and "**MEMORANDUM OF LAW IN SUPPORT OF PETITION IN THE NATURE OF HABEAS CORPUS UNDER 18 U.S.C. § 2255 TO REVERSE, VACATE, OR SET ASIDE SENTENCE, CORRECT AND MODIFY PRE-SENTENCE REPORT, AND IF NECESSARY TO RE-SENTENCE PETITIONER**" has been sent this _1st_ day of _November_, 2000, by first class U.S. Mail with sufficient postage affixed thereto to insure delivery thereof to the Office of the Assistant U.S. Attorney, Richard S. Murray, P.O. Box 208, Grand Rapids, MI 49501-0208. (or by hand delivery this same day) JNN.

_____
James Norbert Napier
634 Hazelbank Road
Holland, Mich. 49424
Phone: (616) 392-8610

Ottawa county )
            ): ss
Michigan state )            **AFFIDAVIT**

### In support of a section 2255 motion
### in the nature of a petition for habeas corpus

I, James Norbert Napier, the Affiant herein, do state and certify by asseveration under the Law of dejure Michigan state and the dejure non-corporate United States of America that the following facts are true and complete to the best of my knowledge, understanding, and belief, and that they are not meant to deceive to whit:

1. That, Affiant herein was tried as Defendant number 2 in federal case number 1:96-CR-53 in the Western District of Michigan, Southern Division, Grand Rapids, Michigan.

2. That, Affiant requested from Robert Swartz, affiant's court appointed attorney, prior to trial in the above mentioned action, that Swartz investigate, among other things, the sufficiency of the originating Bank Account, no. 8520799406 at the Norwest Bank in Anaconda-Butte, Montana, and did so on at least two occasions.

3. That, Affiant was told by Robert Swartz at the sentencing hearing in the above mentioned criminal action that there were no appealable issues for him to file an appeal on in the above mentioned action.

4. That, Affiant states that all of the facts related in his attached, "**MOTION IN THE NATURE OF HABEAS CORPUS UNDER 18 U.S.C. § 2255 TO REVERSE, VACATE, OR SET ASIDE SENTENCE, CORRECT AND MODIFY PRE-SENTENCE REPORT, AND IF NECESSARY TO RE-SENTENCE PETITIONER**" and Affiant's "**MEMORANDUM OF LAW**" in support of the above mentioned motion are likewise true, and correct as stated and assevered to above.

Furthermore, Affiant says not.

Dated: 10-23-00        Signed: *James Norbert Napier*
                                 James Norbert Napier

We the undersigned do state that the one known to us as the above Affiant did affix his signature hereto before us this  23  Day of  October , 2000.

Dated: 10/23/00   Signed: *Daniel Napier*        Location: 589 Howard Ave.
                         Daniel Napier                     Holland, MI 49424

Dated: 10-23-00  Signed: *Tammi Napier*          Location: 589 Howard Ave.
                         Tammi Napier                     Holland, MI 49424